IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALBERT ANGELO MUTO, | ) |
|           Plaintiff, | ) |
| v. | ) Civil Action No. 04-708-KAJ |
| WILLIAM J. GORMAN, PRISCILLA L. FARR, WARDEN RAPHAEL WILLIAMS and SEAN DIAL, | ) |
|           Defendants. | ) |

## MEMORANDUM ORDER

Plaintiff, Albert Angelo Muto ("Muto"), is a *pro se* litigant who is presently incarcerated at the Delaware Correctional Center ("DCC") located in Smyrna, Delaware. At the time of the incidents in question, Muto was incarcerated at the Howard R. Young Correctional Institute ("H.R.Y.C.I.") in Wilmington, Delaware. He filed this action pursuant to 42 U.S.C. § 1983 and requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

**I.    STANDARD OF REVIEW**

Reviewing complaints filed pursuant to 28 U.S.C. § 1915 is a two step process. First, the Court must determine whether Muto is eligible for pauper status. The Court granted Muto leave to proceed *in forma pauperis* on July 19, 2004. (Docket Item ["D.I."] 5.) In that same order, the Court assessed Muto a $150.00 filing fee, and ordered Muto to pay a partial filing fee of $2.00 and file an authorization form within thirty days. On

July 19, 2004, the filing fee was assessed, and on July 25, 2004, Muto filed the authorization form.

Once the pauper determination is made, the Court must then determine whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).[1] If the Court finds Muto's complaint falls under any one of the exclusions listed in the statutes, then the Court must dismiss the complaint.

When reviewing complaints pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1), the Court must apply the standard of review set forth in Federal Rule of Civil Procedure 12(b)(6). *See Neal v. Pennsylvania Bd. of Prob. & Parole*, No. 96-7923, 1997 WL 338838 (E.D. Pa. June 19, 1997) (applying Rule 12(b)(6) standard as the appropriate standard for dismissing claims under § 1915A). Accordingly, the Court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) (citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff

---

[1] These two statutes work in conjunction. Section 1915(e)(2)(B) authorizes the Court to dismiss an *in forma pauperis* complaint at any time, if the Court finds the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. Section 1915A(a) requires the Court to screen prisoner *in forma pauperis* complaints seeking redress from governmental entities, officers or employees before docketing, if feasible and to dismiss those complaints falling under the categories listed in § 1915A(b)(1).

can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

The United States Supreme Court has held that, as used in § 1915(e)(2)(B), the term "frivolous" when applied to a complaint, "embraces not only the inarguable legal conclusion but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).[2] Consequently, a claim is frivolous within the meaning of § 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact." *Id.* As discussed below, Muto's claims have no arguable basis in law or in fact, and shall be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

## II.   DISCUSSION

Muto filed his original complaint alleging that his Constitutional rights were violated by Defendants William J. Gorman ("Gorman"), Priscilla L. Farr ("Farr"), Warden Raphael Williams ("Williams"), and Sean Dial ("Dial") (collectively "Defendants"), all employees at H.R.Y.C.I. (D.I. 2 at 3A). Muto alleges that Defendants "unjustifiably interfered, deprived and obstructed Plaintiff's outgoing legal mail to his attorney from March 25, 2004 to May 24, 2004 by holding said legal mail hostage till (sic) Plaintiff received money in his inmate trust account, then returned said legal mail with a memorandum... 'stating' there are available funds in your account to purchase

---

[2] *Neitzke* applied § 1915(d) prior to the enactment of the Prisoner Litigation Reform Act of 1995 (PLRA). Section 1915(e)(2)(B) is the re-designation of the former § 1915(d) under the PLRA. Therefore, cases addressing the meaning of frivolous under the prior section remain applicable. *See* § 804 of the PLRA, Pub. L. No. 14-134, 110 Stat. 1321 (April 26, 1996).

3

stamps/envelopes." (*Id.*) Muto claims that, during the relevant time period, he was indigent and entitled to free mailing privileges such that Defendants should have mailed his letters without charge. (*Id.*) On August 4, 2004, Muto filed a motion to amend his original complaint, adding additional related incidents. (D.I. 8.) Under Federal Rule of Civil Procedure 15(a), "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15. Therefore, the allegations of the August 4 letter will be considered in deciding this motion.

In order to state a claim that his right of access to the courts was denied[3] by Defendants' alleged interference with his outgoing mail to his attorney, Muto must show that he was actually injured by such interference. The requirement that an inmate show actual injury "derives ultimately from the doctrine of standing." *Lewis v. Casey*, 518 U.S. 343, 349 (1996). "It is the role of courts to provide relief to claimants... who have suffered, or will imminently suffer, actual harm; it is not the role of courts, but that of the political branches, to shape the institutions of government in such fashion as to comply with the laws and the Constitution." *Id.* To allege actual injury, "the inmate must 'demonstrate that the alleged shortcomings... hindered his efforts to pursue a legal

---

[3] The Third Circuit has ruled that an allegation that prison officials interfered with outgoing legal mail is a claim of denial of access to the courts. *Oliver v. Fauver*, 118 F.3d 175, 176 (3d Cir. 1997) (holding that prison officials return of outgoing mail to prisoner without mailing it, where mail was addressed to the Clerk of the New Jersey Appellate Court, the state Attorney General, and the Commissioner of the Department of Corrections, did not state a claim for denial of access to the courts where prisoner could not show that he was actually injured).

4

claim.'" *Oliver v. Fauver*, 118 F.3d 175, 178 (3d Cir. 1997) (*quoting Lewis*, 518 U.S. at 351).

Here, Muto's complaint alleges violations of his constitutional rights because of Defendants' "obstruction" of his legal mail sent to his attorney by holding it until there was money in his account for postage. (D.I. 2 at 3A.) Although Muto alleges that he was indigent and entitled to "free mailing privileges" during the time in question, he fails to allege any facts to show that he was actually injured. (D.I. 2 at 3A; D.I. 8 at 1.) Muto states that, because of Defendants' actions, he was unable to communicate with his attorney, and as a result, he and his attorney had "irreconcilable differences" which caused her to resign on the date of his trial. (D.I. 2 at 3A.) However, the resignation of Muto's attorney alone does not show that his effort to pursue a legal claim was hindered by Defendants' conduct. Because Muto has failed to show any actual injury resulting from Defendants' alleged violation of his right to access to the courts, this claim will be dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1) for failure to state a claim upon which relief may be granted.

### III.  CONCLUSION

For the foregoing reasons IT IS HEREBY ORDERED that:

    1. Muto's claims against Gorman, Farr, Williams and Dial are dismissed without prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

    2. Muto's Motions for Appointment of Counsel (D.I. 4, 11) are DENIED as moot.

    3. Muto's Motion to Amend the Complaint (D.I. 8) is DENIED as moot.

4. Muto's Motion for Preliminary Injunction (D.I. 13) is DENIED as moot.

IT IS SO ORDERED.

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

September 22, 2005
Wilmington, Delaware